UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:10-cr-134-T-33AEP

DALE CHAPPELL

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Dale Chappell's pro se "Motion for Emergency Relief Under 'Extraordinary and Compelling Reasons'" (Doc. # 60), filed on May 4, 2020. The United States of America responded on May 14, 2020. (Doc. # 64). For the reasons that follow, the Motion is denied without prejudice.

I. **Background**

After he pled guilty, the Court sentenced Chappell on October 19, 2010, to a term of imprisonment of 180 months for possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (Doc. # 45).

Now, in his Motion, Chappell seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, because of his desire to save lives from the COVID-19 pandemic as an experienced firefighter/paramedic, his good

1

behavior, his stable living arrangements, and his completion of the majority of his sentence. (Doc. # 60). Chappell argues that exhaustion of administrative remedies should be waived because the Bureau of Prisons' (BOP) administrative remedy process's six-month waiting period would negate the purpose of his early release. (Id. at 8). The United States responded on May 14, 2020 (Doc. # 64), and the Motion is ripe for review.

## II. Discussion

In its response, the United States argues the Motion should be denied (1) for failure to exhaust administrative remedies and (2) on the merits. (Doc. # 64). Because the Court agrees that Chappell has failed to exhaust his administrative remedies, the Court need not address the merits of the Motion.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Chappell argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,** may reduce the term of imprisonment . . . after

> considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prisons' denial of compassionate release." United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)(citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Chappell does not allege that he has exhausted his administrative remedies. In fact, he admits his failure to exhaust the administrative remedies. (Doc. # 60 at 8). Rather, Chappell argues that the administrative exhaustion requirement should be waived in light of the COVID-19 pandemic. (Id.).

The Court disagrees and finds that the administrative exhaustion requirement may not be waived. Section 3582(c)(1)(A) defines mandatory conditions precedent to a defendant filing a motion for compassionate release,

3

unambiguously stating that a defendant can bring a motion to court only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). By its plain language, Section 3582(c)(1)(A) mandates exhaustion. While the statute explicitly provides for one exception to exhaustion, i.e., the lapse of 30 days, it does not provide for any judicially created exceptions. Absent such a provision, Supreme Court precedent dictates that it is not within a court's discretion to waive or excuse the failure to satisfy a statute's exhaustion requirement. See Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016)(instructing in the PLRA context that courts may not excuse a failure to exhaust, even to take special circumstances into account, when a statute mandates exhaustion and does not include any exceptions or limitations to exhaustion).

Further, although the Eleventh Circuit and other appellate courts have yet to squarely address whether Section 3582(c)(1)(A)'s exhaustion requirement is subject to waiver or excuse in the unique circumstances of the COVID-19 pandemic, a majority of district courts have concluded that

4

it is not. See, e.g., United States v. Cassidy, No. 17-CR-116S, 2020 WL 1969303, at *5 (W.D.N.Y. Apr. 24, 2020)(collecting cases and finding that Section 3582(c)(1)(A)'s exhaustion requirement must be strictly enforced and is not subject to judge-made exceptions); United States v. McCallister, Cr. No. 13-00320-01, 2020 WL 1940741, at *2 (W.D. La. Apr. 21, 2020)(finding that Section 3852(c)(1)(A) does not provide a court with the equitable authority to excuse a defendant's failure to exhaust his administrative remedies or to waive the 30-day waiting period); United States v. Vence-Small, No. 3:18-cr-00031 (JAM), 2020 WL 1921590, at *1 (D. Conn. Apr. 20, 2020)(concluding court lacked authority to excuse or waive Section 3582(c)(1)(A)'s exhaustion or lapse requirements).

Thus, Chappell has therefore not "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" nor have "30 days [lapsed] from the receipt of such a request by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons [] and then either exhaust

administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief.").

Therefore, Chappell's Motion must be denied without prejudice. See, e.g., United States v. Reeves, No. CR 18-00294, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020)(denying motion for release to home confinement due to COVID-19 and explaining that "[Section 3582](c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies"); United States v. Miller, No. 2:16-CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020)("Miller has failed to exhaust his administrative remedies as required by [Section] 3582(c)(1)(A). Accordingly, the Government's motion will be granted and Miller's motion will be dismissed without prejudice. Miller is free to refile it after fully exhausting the Bureau of Prisons' administrative appeals process.").

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Dale Chappell's pro se "Motion for Emergency Relief Under 'Extraordinary and Compelling Reasons'" (Doc. # 60) is **DENIED** without prejudice for failure to exhaust administrative remedies.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of May, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE
