```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                            Case No.: 8:10-cr-134-VMC-AEP

DALE CHAPPELL

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Dale Chappell's pro se "Emergency Motion for Compassionate Release" (Doc. # 69), filed on January 4, 2021. The United States of America responded on January 28, 2021. (Doc. # 74). For the reasons that follow, the Motion is denied.

**I.   Background**

In October 2010, the Court sentenced Chappell to 180 months' imprisonment after he pleaded guilty to possession of child pornography. (Doc. # 45). Chappell is 50 years old and is projected to be released on January 18, 2023. (Doc. # 74 at 1-2).

Chappell moved for compassionate release in early May 2020 (Doc. # 60), but the Court denied that motion without prejudice for failure to exhaust administrative remedies on May 21, 2021. (Doc. # 65).

1

Now, Chappell again seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, primarily based on his COVID-19 infection in late May and June 2020 and his other medical conditions (asthma and suspected lung damage). (Doc. # 69). He has also filed two affidavits in support of his Motion. (Doc. ## 71, 75). The United States has responded (Doc. # 74), and the Motion is ripe for review.

## II. Discussion

As an initial matter, the Court finds that Chappell has not exhausted his administrative remedies. "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002)(collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed.

The only portion of Section 3582(c) that potentially applies to Chappell is Section 3582(c)(1)(A)(i), which

permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prisons' denial of compassionate release." United States v. Estrada Elias, No. CR 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)(citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Although the United States argues otherwise (Doc. # 74 at 7), this Court holds that, if the warden denies a request during the first 30 days, the inmate cannot proceed to court

3

until administrative remedies are fully exhausted. See United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the [BOP] [] and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's **unanswered** request to the warden for relief." (emphasis added)); United States v. Miller, No. 2:16-CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020)("It seems odd that Congress would allow a defendant to short-circuit the [BOP's] administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request. In this context 'lapse' clearly means that the warden must fail to act on the defendant's request for a period of 30 days."), appeal dismissed, No. 20-30065, 2020 WL 3125318 (9th Cir. May 4, 2020), and reconsideration denied, No. 2:16-CR-00269-BLW, 2020 WL 2202437 (D. Idaho May 6, 2020); United States v. Ng Lap Seng, 459 F. Supp. 3d 527, 536 (S.D.N.Y. 2020)("I agree with the courts that have interpreted Section 3582(c)(1)(A)'s 'lapse' language as requiring the BOP's failure to respond to a prisoner's request for a compassionate release motion within thirty days, giving the court discretion to hear a

4

compassionate release motion if the BOP has failed to timely consider the request.").

According to BOP records, Chappell's December 7, 2020 request for compassionate release was timely denied by the Warden on December 29, 2020. (Doc. # 74 at 7; Doc. # 74-1; Doc. # 74-2). Thus, Chappell was required to administratively appeal the denial before filing his Motion with the Court. But there is no evidence in the record that Chappell has exhausted his administrative appeals.

Regardless, even assuming that Chappell has exhausted his administrative remedies, the Court agrees with the United States that the Motion should be denied on the merits.

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Chappell bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2

(M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

Chappell primarily seeks compassionate release because he had COVID-19 in late May and June 2020 and fears reinfection. (Doc. # 69 at 1-2). His medical records show that, as of June 23, 2020, he tested negative for COVID-19. And, while a BOP physician prescribed Chappell with an albuterol inhaler in November 2020 for shortness of breath, the records show that Chappell merely had an "intermittent" dry cough with some wheezing. (Doc. # 78-1 at 5, 9, 11). No permanent lung damage or asthma is recorded in these medical records. (Id. at 75-77). While Chappell's residual symptoms from his June infection are no doubt unpleasant, these complaints appear relatively minor and are being actively treated by the BOP.

In light of the records reflecting that he largely recovered from COVID-19 over six months ago, Chappell has not shown that that infection is an extraordinary and compelling reason for compassionate release. See, e.g., United States v. Thomas, No. 8:10-cr-438-T-33AAS, 2020 WL 4734913, at *2 (M.D. Fla. Aug. 14, 2020)("The Court understands that Thomas is suffering some unpleasant symptoms as a result of COVID-19. But, in light of the records reflecting that she is not

6

seriously ill, Thomas has not shown that her illness is an extraordinary and compelling reason for compassionate release."); United States v. Frost, No. 3:18-CR-30132-RAL, 2020 WL 3869294, at *4 (D.S.D. July 9, 2020)(denying motion for compassionate release by prisoner who tested positive for COVID-19 and had other medical conditions like diabetes, severe coronary artery disease, and COPD because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison); United States v. Rumley, No. 4:08CR00005, 2020 WL 2499046, at *2 (W.D. Va. May 14, 2020)(denying motion for compassionate release where defendant had contracted COVID-19 but was experiencing minor symptoms); United States v. Eddings, No. 2:09-CR-00074-JAM-AC, 2020 WL 2615029, at *2 (E.D. Cal. May 22, 2020)(denying motion for compassionate release even though defendant had COVID-19 and "medical conditions that could place him at a higher risk of complications" because he was not experiencing any complications).

Nor does the risk of reinfection with COVID-19 warrant release. See United States v. Coleman, No. 6:11-cr-247-Orl-28KRS, 2020 WL 5912333, at *3 (M.D. Fla. Oct. 6, 2020)("[T]he mere risk of reinfection of Covid-19 does not constitute an extraordinary and compelling reason for release.").

7

Additionally, the Court is not convinced that Chappell's pulmonary issues "substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility." USSG § 1B1.13 comment. (n.1). Thus, these conditions do not create an extraordinary and compelling reason for compassionate release. See Cannon v. United States, No. CR 11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019)("[D]espite the many medical afflictions Cannon identifies, he does not state, much less provide evidence, that his conditions/impairments prevent him from providing self-care within his correctional facility. Rather, the medical records provided by Cannon show that his many conditions are being controlled with medication and there is no mention that his conditions are escalating or preventing him from being from being able to provide self-care."). The prison conditions Chappell describes likewise do not justify release.

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. Also, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. USSG §1B1.13(2). As the United

States explains, "[a]t the time Chappell committed the instant offense, he was a convicted sex offender and had been on state probation for one count of lewd and lascivious battery on a child under 16 and one count of lewd and lascivious exhibition of his genitals to a child under 16." (Doc. # 74 at 16). Furthermore, while the Court applauds Chappell's participation in treatment, he has not yet completed the residential Sex Offender Treatment Program. (<u>Id.</u> at 17). Releasing him under these circumstances presents a danger to the public and would not adequately reflect the seriousness of his crime.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Dale Chappell's pro se "Emergency Motion for Compassionate Release" (Doc. # 69) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of February, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE